IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE SIDING AND INSULATION CO. f/k/a THE ALUMINUM SIDING & INSULATION CO., INC., an Ohio corporation, individually and as the representative of a class of similarly situated persons, | ) ) ) ) ) ) ) ) | CASE NO. 1:11 CV 1062 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | JUDGE DONALD C. NUGENT |
| COMBINED INSURANCE GROUP LTD., INC., | ) ) ) ) | MEMORANDUM OPINION AND ORDER |
| Defendant. | ) | |

This matter is before the Court on the Motion for Class Certification filed by Plaintiff, the Siding and Insulation Co. f/k/a the Aluminum Siding & Insulation Co., Inc. (Docket #14).

**Factual and Procedural Background**

On May 24, 2011, Plaintiff filed its Complaint against Defendant, Combined Insurance Group Ltd. In Count I, Plaintiff alleges Defendant violated the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227, by sending unsolicited facsimile advertisements to thousands of fax numbers in an effort to promote its insurance sales and services. The faxes were sent by a fax broadcaster, Business to Business Solutions ("B2B"), hired by Defendant.

B2B was operated by a woman named Caroline Abraham. See Declaration of Caroline Abraham at Paragraph 2. B2B worked with a Romanian company, Macaw, and acted as its agent in the United States. Id. at Paragraph 3.

B2B used a third-party database acquired from InfoUSA to identify targets for Defendant's faxes. Defendant concedes that B2B, acting on Defendant's behalf, faxed the advertisements to the targets listed in the InfoUSA database. Plaintiff alleges that on April 17, 2006 and April 18, 2006, Defendant's form advertisement was successfully sent to 7,883 different fax numbers. In Count II, Plaintiff alleges conversion.

Plaintiff offers the report of Robert Biggerstaff to support its factual allegations. Plaintiff hired Mr. Biggerstaff to analyze computer data gathered from B2B. Mr. Biggerstaff issued an expert report discussing his findings and concluded that, on April 17, 2006 and April 18, 2006, Defendant's advertisement was successfully faxed to 7,883 fax numbers. (Docket #15, Exhibit 3.) Plaintiff received a successful fax transmission to its fax machine at 216-281-0137 on April 17, 2011. District Courts have accepted Mr. Biggerstaff's expert opinions regarding fax transmissions, including other cases involving B2B computer data. See *Exclusively Cats Veterinary Hosp. v. Anesthetic Vaporizer Servs.*, 2010 U.S. Dist. LEXIS 136941 (E.D. Mich. Dec. 27, 2010); *CE Design, Ltd. v. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135, 139 (N.D. Ill. 2009).

### Discussion

Plaintiff requests certification of a class defined as follows:

All persons who were successfully sent one or more faxes on April 17, 2006 or April 18, 2006, about an "Ohio grand opening" for InsureDirect.com stating, "We insure everybody . . . regardless of driving record!" and offering to "quote all 30 companies with one call."

The plaintiff bears the burden of proof in arguing that a potential class should be certified. *In re American Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). "The class determination generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiffs cause of action.'" *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 (1978) (quoting *Mercantile Nat'l Bank at Dallas v. Langdeau*, 371 U.S. 555, 558 (1963)). While the pleadings may be enough to determine "whether the interests of the absent parties are fairly encompassed within the named plaintiffs claim . . . sometimes it may be necessary for the court to probe behind the pleadings" before deciding the issue of certification. *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982). Thus, it is appropriate for the Court to look not only to the pleadings, but also to additional exhibits and information submitted by the parties in deciding the motion for certification. *Id.*

A court must perform a "rigorous analysis" of the requirements of Rule 23 of the Federal Rules of Civil Procedure in deciding whether to certify a class. *Falcon*, 457 U.S. at 161; *Stout v. J.D. Byrider*, 228 F.3d 709, 716 (6th Cir. 2000). Rule 23(a) of the Federal Rules of Civil Procedure includes four prerequisites to maintaining a class action. Members of a class:

> [M]ay sue... as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

*Id.* Thus, a class may only be certified under Rule 23 if the requirements of numerosity, commonality, typicality, and adequacy of representation are satisfied.

Assuming the requirements of Fed. R. Civ. P. 23(a) are satisfied, the class action may be maintained only if it also meets the requirements of one of the subsections in Fed. R. Civ. P.

23(b). Fed. R. Civ. P. 23(b) provides, in pertinent part, that:

> A class action may be maintained if . . . (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

*Id.* It is with these standards in mind that the instant Motion for Class Certification must be decided.

    A.    **Fed. R. Civ. P. 23(a).**

        1.    **Fed. R. Civ. P. 23(a)(1)-Numerosity.**

Fed. R. Civ. P. 23(a)(1) requires that the class be so numerous that joinder of all members is impracticable. Defendant does not dispute the numerosity of the proposed class. See Defendant's Response at p. 4. Defendant's advertisement was faxed to more than 7,000 fax machines. Individual joinder of these class members is not practicable. Accordingly, the numerosity requirement of Fed. R. Civ. P. 23(a)(1) is satisfied.

        2.    **Fed. R. Civ. P. 23(a)(2)-Commonality.**

Plaintiff must show "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). A class representative must "be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Falcon*, 457 U.S. at 156 (internal citation omitted). Commonality does not require that all class members share identical claims and facts. The commonality test "is qualitative rather than quantitative, that is, there need be only a single issue common to all members of the class." *In re American Medical Sys.*, 75 F.3d 1069, 1080 (6th Cir. 1996) (citing 1 Herbert B. Newberg & Alba Conte, Newberg on Class Actions, § 3.01, at 3-50 (3d ed. 1992); *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988) ("mere fact that questions peculiar to each individual member of the class remain after the common

questions of the defendant's liability have been resolved does not dictate the conclusion that a class action is impermissible").

Plaintiff asserts the following are common questions of law or fact:

a. Whether Defendant's fax is an "advertisement";
b. Whether Defendant violated the TCPA by faxing that advertisement without first obtaining express invitation or permission to do so;
c. Whether Plaintiff and the other class members are entitled to statutory damages;
d. Whether Defendant's acts were "willful" or "knowing" under the TCPA and, if so, whether the Court should treble the statutory damages; and
e. Whether the Court should additionally enjoin Defendant from future violations of the TCPA.

Defendant maintains that these questions cannot be answered commonly, but must be evaluated for each proposed class member. Specifically, citing *Forman v. Data Transfer*, 164 F.R.D. 400, 1995 U.S. Dist. LEXIS 14547 (E.D. Pa. 1995), Defendant asserts that an individual determination would have to be made with respect to each class member to determine whether they received an unsolicited facsimile without providing "prior express invitation or consent." However, *Forman* is distinguishable from the facts in the instant lawsuit, given the fact that B2B purchased the list of fax numbers from a third-party, InfoUSA, and there is nothing in the record to support the claim that any of the recipients consented to receiving the fax.

Defendant "cannot defeat class certification by asserting the vague possibility that some of the individuals on the anonymous lists may have perchance consented to receiving the fax." *G.M. Sign, Inc. v. Finish Thompson*, Inc., No. 07 CV 5963 (N.D. Ill. Aug. 20, 2009). In its responses to Plaintiff's Requests for Production of Documents, Defendant indicated it does not have any documents evidencing prior express permission or invitation; does not have any documents evidencing an Established Business Relationship with any of the recipients; and,

states that a company called Macaw, not Defendant, sent the facsimiles on its behalf. Macaw's principal, Caroline Abraham, submitted a declaration that states, "Database information that had been purchased from InfoUSA containing a variety of information about U.S. companies, including fax numbers and contact persons. We did not contact any of those companies or persons to ask them for express permission or invitation to receive fax advertisements from any specific B2B customer."

Defendant produced no evidence that any individual consented to receive the fax advertisement and, therefore, is unable to realistically argue that individual issues relative to consent outweigh commonality. Accordingly, the proposed class satisfies the commonality requirement.

   3.  **Fed. R. Civ. P. 23(a)(3)-Typicality.**

Under Fed. R. Civ. P. 23(a)(3), a plaintiff seeking class certification must show that his or her claims are typical of other potential class members' claims. "Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *In re American Medical Sys.*, 75 F.3d 1069, 1082 (6th Cir. 1996) (citing 1 Herbert B. Newberg & Alba Conte, Newberg on Class Actions, § 3.01, at 3-75, 76 (3d ed. 1992)). "The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class." *Sprague v. GMC*, 133 F.3d 388, 399 (6th Cir. Mich. 1998).

A representative party's claims, however, need not be identical to those of the potential class members. *See Senter v. GMC*, 532 F.2d 511, 524 (6th Cir. 1976); *In re Telectronics Pacing Systems, Inc.*, 164 F.R.D. 222, 228 (S.D. Ohio 1995) ("[a] plaintiffs claim is typical if it arises

from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory ... The typicality requirement may be satisfied even if there are factual distinctions between the class members and those of other class members").

In this case, each of the class members was subjected to the same conduct and received the same fax. Each class member's claim is based on the same legal theory as Plaintiff's. Accordingly, Plaintiff satisfies the typicality requirement of Rule 23.

### 4. Adequacy of Representation.

#### a. Fed. R. Civ. P. 23(a)(4).

Plaintiff must show that it will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement is "essential to due process, because a final judgment in a class action is binding on all class members." *In Re Amer. Med. Sys., Inc.*, 75 F.3d 1069, 1083 (6th Cir. 1996). To satisfy this requirement, Plaintiff must show "(1) the representative must have common interest with unnamed members of the class, and (2) it must appear that the representatives will vigorously prosecute the interest of the class through qualified counsel.'" *Id.* (quoting *Senter v. General Motors*, 532 F.2d 511, 525 (6th Cir. 1976)). "The adequate representation requirement overlaps with the typicality requirement because in the absence of typical claims, the class representative has no incentives to pursue the claims of the other class members." *Id.*

Plaintiff satisfies the requirements of Rule 23(a)(4) test. Plaintiff alleges to have received one of the alleged unsolicited fax advertisements; understands its obligations and the nature of the claims; is involved in the litigation; and, is interested in representing the class.

Nothing in the record indicates Plaintiff's interests would be antagonistic to the interest of the other class members, given the identity of claims and the fact that Plaintiff and class members seek statutory damages under the TCPA. Accordingly, the adequacy requirement of Fed. R. Civ. P. 23(a)(4) is satisfied.

### b. Fed. R. Civ. P. 23(g) - Adequacy of Class Counsel.

In determining whether Counsel is qualified, the Court considers: (1) the work Counsel has done in identifying or investigating potential claims; (2) Counsel's experience handling class actions; (3) Counsel's knowledge of the applicable law; and, (4) the resources Counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A).

The Court has reviewed the qualifications of Plaintiff's Counsel and finds them to be sufficiently experienced and qualified to handle class actions. Plaintiff's Counsel have handled many class actions, including a class action very similar if not identical to this lawsuit. There is no indication Counsel will be unable to commit the necessary resources to properly represent the class.

Accordingly, Plaintiff has satisfied the adequacy of representation prong of Fed. R. Civ. P. 23(a)(4).

### B. Fed. R. Civ. P. 23(b)(3).

Rule 23(b)(3) establishes that a class action may be maintained if "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). The requirement that "common" issues predominate over individual issues assures that the goal of judicial economy is served in fact, not just in theory. *Am. Med. Sys., Inc.*, 75 F.3d at 1085.

As discussed above, common questions of law and fact predominate among all putative class members. By definition, all class members, including Plaintiff, received an unsolicited facsimile advertisement from Defendant, which is alleged to be a violation of the TCPA. Under the TCPA, an individual plaintiff is unlikely to recover more than a small amount and, therefore, individuals are unlikely to bring suit. Therefore, a class action is the superior method for adjudicating the claims. *See Amchem Prods. v. Windsor*, 521 U.S. 591, 617 (1997) ("'The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor.'" (citing *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997)). Likewise, resolution of the issues as a class, rather than in thousands of individual lawsuits, is an efficient use of judicial resources.

Accordingly, Plaintiff has satisfied the requirements of Fed. R. Civ. P. 23(b)(3).

### Conclusion

Based on the foregoing, Plaintiff's Motion for Class Certification (Docket #14) is GRANTED. The Court certifies the following class:

> All persons who were successfully sent one or more faxes on April 17, 2006 or April 18, 2006, about an "Ohio grand opening" for InsureDirect.com stating, "We insure everybody . . . regardless of driving record!" and offering to "quote all 30 companies with one call."

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
Donald C. Nugent
United States District Judge

DATED: April 23, 2012